J-A04011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM R. PERREGO | : | |
| | : | |
| Appellant | : | No. 994 MDA 2022 |

Appeal from the PCRA Order Entered June 28, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No.:  CP-40-CR-0001402-2007

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:　　　　　**FILED: MAY 26, 2023**

Appellant, William R. Perrego, appeals *pro se* from the order entered June 28, 2022, in the Court of Common Pleas of Luzerne County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background of the instant appeal is not at issue.  **See Commonwealth v. Perrego**, No. 709 MDA 2008 (Pa. Super. filed November 19, 2009) (unpublished memorandum) (direct appeal); **Commonwealth v. Perrego**, No. 389 MDA 2013 (Pa. Super. January 30, 2014) (unpublished memorandum) (first PCRA petition).  Briefly, on March 5, 2008, following a bench trial, the trial court found Appellant guilty of third-degree murder for beating Lewis Jones to death.  On the same day, Appellant was sentenced to a mandatory term of life in prison pursuant to 42 Pa.C.S.A. § 9715.

On November 19, 2009, we affirmed the judgment of sentence. *Perrego*, No. 709 MDA 2008. The Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Perrego*, No. 973 MAL 2009 (Pa. filed May 28, 2010). The United States Supreme Court denied Appellant's petition for writ of certiorari on October 12, 2010. *Perrego v. Pennsylvania*, 562 U.S. 968 (2010).

In April 2011, Appellant filed a timely PCRA petition alleging, *inter alia*, that trial counsel was ineffective for failing to call a blood spatter expert. After holding a hearing on the PCRA petition, on January 18, 2013, the PCRA court denied Appellant's first PCRA petition, as supplemented by appointed counsel.

While the first PCRA petition was still pending, on May 17, 2012, appointed PCRA counsel filed a request to appoint an expert in the field of blood spatter,[1] which the PCRA court denied on July 3, 2012, after holding a hearing on the above request. The PCRA court denied the request because Appellant failed to identify a blood spatter expert or provide the PCRA court with any evidence that such an expert existed or was prepared to testify on Appellant's behalf.

On appeal, Appellant argued that the PCRA court erred in not granting his request for the appointment of a blood spatter expert, and that the PCRA court erred in not finding trial counsel ineffective for failing to call a blood

---

[1] In support of the request, counsel stated that "an expert will be able to definitely comment on how the blood got on one of the witnesses[,] and this will exonerate [Appellant]." Motion to Appoint Expert, 5/17/12, at 1.

spatter expert. We affirmed the order of the PCRA court. **Perrego**, No. 389 MDA 2013. Our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Perrego**, No. 136 MAL 2014 (Pa. filed July 23, 2014).

On March 31, 2022, Appellant filed the instant PCRA petition in which he claims that **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), allows him to overcome the PCRA's timeliness requirements by making a layered claim of ineffectiveness against his counsel. He also raised an "as applied" constitutional challenge to the PCRA's one-year jurisdictional time limit.

The PCRA court appointed counsel to review Appellant's PCRA petition and to file an amended PCRA petition if necessary. Subsequently, appointed counsel filed a **Turner**/**Finley**[2] letter advising the PCRA court that Appellant's PCRA petition was untimely and should be dismissed.

On June 1, 2022, the PCRA court filed a notice to dismiss Appellant's petition under Pa.R.Crim. 907, noting, *inter alia*, that **Bradley** did not announce a constitutional right and, even if it did, that right was not ruled to be retroactive. After granting counsel's petition to withdraw, on June 28, 2022, the PCRA court issued a final order dismissing Appellant's PCRA petition. This appeal followed.

On appeal, Appellant raises several claims for our review. However, some of the claims were not raised in his PCRA petition. As such, we cannot

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 3 -

review them for the first time on appeal.[3]  Accordingly, our analysis is limited

to two claims Appellant properly raised in his PCRA petition at issue here.

Appellant claims that (i) the underlying PCRA petition is timely under **Bradley**,

and (ii) the PCRA timeliness requirements are unfair as applied to him.  **See**

Notice of Intention to Dismiss, 6/1/22, at 3-5.

> When reviewing the propriety of an order pertaining to PCRA relief,
>
> we consider the record in the light most favorable to the prevailing party at the PCRA level.  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.  We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record.  However, we afford no such deference to the post-conviction court's legal conclusions.  We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

**Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa. Super. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be

filed within one year of the date the judgment becomes final" unless an

---

[3] Appellant points out that the PCRA court did not order him to file a statement pursuant to Pa.R.A.P. 1925(b).  Even if those claims had been included in a 1925(b), they would be nonetheless waived as new claims cannot be raised for the first time in a 1925(b) statement.  **See Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007) ("[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal"); **see also Commonwealth v. Melendez-Rodriguez**, 856 A.2d 1278, 1288 (Pa. Super. 2004) ("A party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order") (citation omitted).

We also note that, even if included in the underlying PCRA petition and Appellant's 1925(b) statement, we would not be able to entertain them because, as explained *infra*, Appellant failed to prove the timeliness of his PCRA petition.

exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[4] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot address the substantive claims raised in the petition. *Id.*

Appellant is fully aware that the instant petition is facially untimely.[5] However, he claims that he meets the new constitutional right timeliness

---

[4] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1), and (2) files a petition raising this exception within one year of the date the claim could have been presented, *see* 42 Pa.C.S.A. § 9545(b)(2). At issue here is the newly recognized right exception. The one-year time bar can be overcome if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

[5] Appellant was sentenced on March 5, 2008. We affirmed Appellant's judgment of sentence on November 19, 2009. Our Supreme Court denied Appellant's petition for allowance of appeal on May 28, 2010. The United
*(Footnote Continued Next Page)*

exception. Specifically, Appellant believes that our Supreme Court in **Bradley** announced a new constitutional rule that allows PCRA petitioners to raise claims of ineffective assistance of counsel at any time, even on appeal. Under **Bradley**, he asserts, he can overcome the untimeliness of the instant petition by making a layered claim of ineffective assistance against his prior counsel. To this end, Appellant argues that all prior counsel were ineffective for not pursuing (second PCRA counsel) or for failing to properly pursue (first PCRA counsel) the appointment of a blood spatter expert.

Reliance on **Bradley** for purposes of overcoming the untimeliness of the underlying PCRA petition is misplaced. In **Bradley**, our Supreme Court extended the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of his PCRA counsel [wa]s through the filing of a response to the PCRA court's Rule 907 dismissal notice." **Bradley**, 261 A.3d at 386. The **Bradley** Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401.

---

States Supreme Court denied Appellant's petition for writ of certiorari on October 12, 2010. Appellant then had one year to file a timely PCRA petition, *i.e.*, until October 12, 2011. **See** 42 Pa.C.S.A. § 9545(b)(1). The underlying petition, which he filed on March 31, 2022, is, therefore, facially untimely.

*Bradley*, however, did not announce a new constitutional right, much less one applicable retroactively. *Id.* at 406 (Dougherty, J. concurring) ("Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar"); *Commonwealth v. Dixon*, 2022 WL 17973240 (Pa. Super. 2022) (unpublished memorandum) (holding *Bradley* does not trigger the timeliness exception at Section 9545(b)(1)(iii)).

Furthermore, this Court has continually declined to extend the holding of *Bradley* to cases involving untimely petitions, like the instant one. *See*, *e.g.*, *Commonwealth v. Mead*, 2022 WL 984604 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 284 A.3d 118 (Pa. 2022) (emphasizing that *Bradley* involved a timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition); *Commonwealth v. Morton*, 2023 WL 118686 (Pa. Super. 2023) (unpublished memorandum) (holding that appellant's reliance on *Bradley* does not afford relief in his appeal from the denial of his untimely second PCRA petition); *Commonwealth v. Gurdine*, 2022 WL 576155 (Pa. Super. 2022) (same).

Thus, to the extent Appellant relies on *Bradley* to overcome the untimeliness of the underlying petition, such reliance is misplaced. Accordingly, we agree with the PCRA court's conclusion that the underlying PCRA petition is facially untimely, and that Appellant has failed to plead and

prove the applicability of the new constitutional right exception to the time bar.

Appellant nonetheless argues that PCRA time restrictions are unconstitutional as applied to him. While the claim is difficult to discern in Appellant's 63-page appellate brief, it appears that Appellant is arguing the time restrictions to challenge PCRA counsel's effectiveness are unconstitutional as applied to him. We disagree.

Our Supreme Court has explained:

> We have repeatedly found the PCRA's time restrictions constitutional. **See Commonwealth v. Cruz**, 852 A.2d 287, 292 ([Pa.] 2004) ("this Court has held that the PCRA's time restriction is constitutionally valid."); **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) ("We have … recognized that the PCRA's time restriction is constitutionally valid"). We have held, however, that just because the PCRA is generally constitutional does not mean it is constitutional as applied to a particular petitioner. **See** [**Commonwealth v. Bennett**, 930 A.2d 1264, 1274 (Pa. 2007)]. There is no federal constitutional guarantee of post-conviction collateral relief and the procedural due process protections in such proceedings are less stringent than either a criminal trial or direct appeal. **Id.** (citing **Pennsylvania v. Finley**, 481 U.S. 551 (1987)). Due process requires that the PCRA process is fundamentally fair. **Id.** ([citation omitted]). "Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." **Id.**

**Commonwealth v. Wharton**, 263 A.3d 561, 570 (Pa. Super. 2021).

Here, Appellant has failed to demonstrate how the PCRA's time bar requirements are fundamentally unfair as applied to him. The record reflects that Appellant was given an opportunity for the presentation of his claims at a meaningful time and in a meaningful manner before the PCRA court.

To the extent Appellant focuses on the first PCRA counsel's alleged errors, it is worth noting that Appellant could have challenged first PCRA counsel's stewardship in a timely manner by simply filing a response to the notice of intent to dismiss. However, he did not do so. Instead, he raised the issue on appeal for the first time. We refused to address the issue because, under the law existing at the time, PCRA counsel's effectiveness could not be raised for the first time on appeal. Appellant waited approximately 10 years before challenging first PCRA counsel's ineffectiveness again.

In light of the forgoing, Appellant has failed to show that the PCRA's timeliness requirements are fundamentally unfair as applied to him. Therefore, the PCRA's timeliness requirements are not unconstitutional as applied to Appellant and the PCRA court correctly determined the current petition was untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2023